## INDIANA, ILLINOIS & IOWA RAILWAY COMPANY
### v.
## JOHN DOOLING.

*Railroads—Injury to Stock—Defective Fence—Contributory Negligence.*

In an action brought to recover from a railroad company the value of a horse killed upon its track, the defendant claiming that the fence at the highway crossing above which the horse passed from the highway upon the right of way, where he was struck and killed, was not out of repair a sufficient length of time in which the defendant could have discovered and repaired it, this court holds the evidence to the contrary to be sufficient, and grants the plaintiff leave to remit a sum named from the amount recovered, it exceeding the demand upon the summons.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Kankakee County; the Hon. N. J. PILSBURY, Judge, presiding.

Mr. H. K. WHEELER, for appellant.

Messrs. RICHARDSON BROS., for appellee.

LACEY, P. J.   This suit was brought by the appellee against
the appellant before a justice of the peace, to recover the
value of a horse killed by the locomotive and cars of the latter
while on its railroad track.   The demand on the back of the
summons was for $50 and the recovery in the case was for $70,
which, being more than the demand, could not be allowed to
stand as against the objection of the appellant.   The appellee,
however, moves this court for leave to remit $20, and asks
the judgment to be allowed to stand for the balance, $50.

Upon consideration the motion to remit $20 is allowed.
The appellant claims, however, that the evidence is not suffi-
cient to support the verdict, in that the fence at the highway
crossing above which the horse passed from the highway onto
the railroad right of way, where he was struck by the locomo-
tive and killed, was not out of repair a sufficient length of
time in which the appellant's agents could have discovered
and repaired it.   This is the main cause of error assigned for
reversal.

We have read the evidence carefully and are of the opinion
that it fairly supports the verdict.   While it is not of a posi-
tive character, we think the jury were justified in finding the
verdict which it did.   The evidence of the appellee shows
that the wires of which the fence was built were loose and
that the posts, being cedar, were not sufficient to hold staples,
and this was probably the cause of the horse getting through.
After the horse had broken through, two of the wires (the top
ones) of which the fence was composed were discovered by
the agent of appellant to be broken, whether by the horse in
getting over is not known, so far as the evidence discloses.

Caler Reno, the agent of appellant to examine and keep the
fence in repair, went along the day before the accident and
crossed over the railroad crossing at the center section of the
highway and looked at the fence as he passed and saw noth-
ing out of the way.   He says that the fence was in fair con-

dition, but he fails to tell the jury whether he went up to the fence and examined it or not, and what he calls fair condition is not disclosed. We are inclined to think that while the evidence is not as clear as it might be as to the bad condition of the fence, that it is fairly sufficient on that point, and also as to its being so for so long a time that appellant would be held to notice, as it was Reno's duty to examine it every day.

The attorney for appellant also makes the point that the court refused to exclude evidence as to the bad condition of the appellant's fence in places other than where the horse got through. We think this was not, under the circumstances, reversible error. At the time the motion was made, the court held that the evidence was immaterial and improper and held it up for further consideration, but so far as the record discloses, never excluded it. But the court, at appellant's request, covered that point by an instruction which was a virtual exclusion of the evidence asked to be excluded on the point complained of. We can not think the jury could have been misled by this immaterial evidence.

It is insisted that appellee was negligent in not preventing his horse from escaping from his own pasture and he therefore should not recover. In answer to this complaint it is enough to say that appellee was not allowing his horse to run at large on the highway, as counsel contends, but he escaped from the pasture by accident. It does not follow, as a matter of law, that even if appellee was negligent in not keeping his horse in his own pasture, that the railroad company would not be liable for the killing of the horse caused by violation of a statutory duty to keep its track fenced.

With the allowance of the *remittitur*, we fail to find any error in the record of sufficient importance to cause a reversal.

The judgment of the court below is therefore affirmed for the amount of $50 and costs recovered below, but it is ordered that appellee pay the costs of this court.

*Judgment affirmed.*